## REUBEN G. PAGE *et ux. versus* EVENAL ESTES.

Under the *St.* 1828, *c.* 55, § 2, which declares, that upon a divorce *a mensâ et thoro*, the *choses in action* of the wife, not reduced to possession, shall remain her sole property, provided that the act shall not be construed to render void any attachment or seizure on execution made to secure any debt due from the husband, before the filing of the libel, it was *held*, that the mere assignment by the husband, for a valuable consideration, of the wife's chose in action in the hands of her guardian, with notice thereof to the guardian, made before the filing of the libel, was not valid, as against the wife, after a decree of divorce, it not being equivalent to a reduction to possession by the husband, nor within the equity of the proviso.

BY an agreed statement of facts, it appeared, that in April 1827, the defendant was appointed guardian of the female plaintiff, then a minor and unmarried, and took her property, which consisted of money, into his possession ; that in October 1833, she arrived at full age and was married to Reuben G. Page, the other plaintiff ; that, on the 25th of January, 1834, the husband, for a full and valuable consideration, assigned all his interest in his wife's property in the hands of the defendant, to Jeremiah Colegrove, for whose benefit this action was prosecuted ; that notice of the assignment was immediately given to the defendant ; that on the 10th of July, 1834, the wife filed in this Court a libel for a divorce *a mensâ et thoro ;* that a decree of divorce accordingly, was made in September 1834, and it was ordered, that the property of the wife should be restored to her ; that, on the 15th of April, 1835, the defendant rendered an account of his guardianship to the Court of Probate, and it was thereupon decreed by that court, that there was then in his hands, as guardian of the wife, the sum of $ 354·69 ; and that immediately afterwards, Colegrove gave notice to the defendant of the assignment, and demanded of him the amount so decreed to be in his hands.

If, upon these facts, the action could be sustained, judgment was to be rendered in favor of the plaintiffs ; otherwise, they were to become nonsuit.

*D. N. Dewey,* and *Robinson,* for the plaintiffs, cited *Dean* v. *Richmond,* 5 Pick. 461 ; *St.* 1828, *c.* 55 ; *Whitney* v. *Whitney,* 14 Mass. R. 92 ; 2 Kent's Comm. 113, 115 ; *Schuyler* v *Hoyle,* 5 Johns. Ch. R. 196.

*Sept 19th*

23*

*Bishop* and *Sumner*, for the défendant, cited *Udal* v. *Kenny*, 3 Cowen, 590 ; *Legg* v. *Legg*, 8 Mass. R. 99 ; *Howes* v. *Bigelow*, 13 Mass. R. 384 ; *Griswold* v. *Penniman*, 2 Connect. R. 565 ; *Starr* v. *Pease*, 8 Connect. R. 541 ; 1 Chitty on Pl. 20 ; *Mitford* v. *Mitford*, 9 Ves. 86.

PUTNAM J. delivered the opinion of the Court. At the time of the decision of *Dean* v. *Richmond*, 5 Pick. 461, this Court had no authority, upon granting a decree of divorce *a mensâ et thoro*, to decree a restoration of the personal property, which belonged to the wife at the time of the marriage ; but the legislature granted such power by *St.* 1828, *c.* 55. " The court (§ 1) shall have power to assign to her for her own use, all the personal property which the husband hath received by reason of her marriage, or such part thereof as shall be just and reasonable under all the circumstances of the case," and also such a part of the personal estate of the husband as may be necessary for her comfort, &c. And by § 2, it is provided, " that all promissory notes and other choses in action belonging to the wife before marriage, or made payable during the coverture to her alone, or jointly with her husband on account of property belonging to her, or debts due to her before the marriage, and all legacies to her, and personal property which may have descended to her as heir, or be held for her in trust, or in any other way appertaining to her in her own right, *which legacies, personal property, promissory notes or choses in action shall* not have been reduced to possession by the husband, before the libel is filed, on which such decree may be passed, shall be and remain the sole property of the wife so divorced ; and she is hereby authorized and empowered, to bring and maintain actions for the recovery thereof in the same manner as if she were a feme sole ; provided however, that nothing in this act contained shall be construed to make void any attachment, or seizure in execution, of any personal property in the possession of the husband, or any lien created by service of process in foreign attachment, which shall be made to secure any debt from him, if such attachment shall have been made, or process in foreign attachment commenced, before the filing of the libel on which such divorce shall be decreed."

Now it is contended for the plaintiffs, that the debt due from the defendant to the wife, upon the guardianship account, was reduced to possession by the husband, and so passed to Colegrove, the assignee, or, if not, that the assignment, being for a full and valuable consideration, is to be taken and considered as within the equity of the proviso, and upon the same ground as if the property had been attached by Colegrove before the filing of the libel. But we cannot agree to that view of the case.

By the assignment the assignee became entitled only to all the rights which the husband had in the property. He had a right to reduce the chose in action which belonged to his wife, ᐧnto his own possession. If he had sued for it in the names of himself and his wife, and had died before judgment, the right to the debt would have survived to the wife. The equitable assignment will not be taken notice of and regarded by courts of law in a light more favorable to the assignee, than it would be considered in a court of equity. And whenever an assignee is obliged to go into a court of equity to obtain a decree to enforce an assignment of the choses in action belonging to the wife, even for valuable consideration, the court will not suffer the property to be taken from the wife without adequate provision for her support. *Udal* v. *Kenny*, 3 Cowen, 590. "If (said Sir *William Grant*) the husband has but the right of reducing his wife's interest into possession, how can he, for valuable consideration or otherwise, convey more than he has?" *Wright* v. *Morley*, 11 Ves. 17. The assignment in that case was by the husband, of the equitable dividends of ᶠtock belonging to the wife, for valuable consideration.

If the husband can recover the possession of the wife's choses in action at law, he may do what he pleases afterwards with the property; but a court of equity will not assist him to get the property, unless he ᵇhall make a suitable provision for his wife. Now the assignment in the case at bar is only of the equitable right which the husband had. The assignee cannot sue in his own name, as may the indorsee of a negotiable note wh'ch was payable to the feme or her order, before marriage, and indorsed afterwards by the husband The indorsee in

such case has the legal interest; and by the indorsement the husband reduces the property to his own possession. But it is not so where the assignee takes only an equitable interest, and cannot sue and recover in his own name, but only in the name of the husband and wife. The assignee stands in no more favorable condition than the husband did or could ; and if, while the action is pending, the husband dies or the wife is divorced, the property will go to her, and not to the assignee of the husband. In the case of *Legg* v. *Legg*, 8 Mass. R. 101, this Court, speaking of the wife's choses in action, make use of the expression, if the husband reduces them into possession by *receiving* or *recovering them at law*. Now there has, in the case at bar, been no receipt or recovery, but only an attempt to recover. So there has not been any reduction to possession within the meaning of the statute. And this statute was made for the protection of wives who should be deserted by or divorced from their husbands, and the exception or proviso should not be extended by construction. We are not permitted to say, that the assignment shall have the effect of creating such a lien as might be created by attachment and legal process. It would be abridging the provision, which we think has been wisely made by the legislature, for wives. They are to have their choses in action upon a divorce, unless they have been reduced into the husband's possession before. In the case at bar there has been only an attempt to get the chose in action, but no receipt, recovery or reduction of it to possession, within the true intent and meaning of this statute. The opinion of the whole Court is, that the plaintiffs must become nonsuit.